## HILLS v. LA DUE.

1. CHANGE OF VENUE—PRACTICE.
While section 29 of the code provides that the court may, on good cause
    shown, change the place of trial when the convenience of witnesses
    and the ends of justice will be promoted by the change, the affida-
    vit in support of the application should set forth the facts to which
    the witnesses whose convenience it was desired to subserve would
    testify, and where no answer had been filed, it should state the facts
    constituting the defense.

2. PRESUMPTION.
When the evidence has not been preserved, it is to be presumed that
    the judgment was warranted by the proofs.

*Appeal from the District Court of Arapahoe County.*

Mr. JAMES A. KILTON, for appellant.

No appearance for appellee.

THOMSON, J., delivered the opinion of the court.

This is an appeal from a judgment of the district court of
Arapahoe county against the appellant, and in favor of the
appellee.   The action was instituted in the county court of
Arapahoe county.   The complaint avers the loaning by the
plaintiff, Howard B. La Due, to the defendant, W. W. Hills,
of the sum of $225, on November 10, 1885, at Aspen, Colo-
rado, upon the promise of the defendant to repay the sum loan-
ed upon demand, and alleging demand upon the defendant for
the money, and his failure to repay or return any part of it.

Before answering, the defendant moved the court to change
the place of trial of the cause to the county court of Pitkin
county, on the grounds that it appeared from the complaint
that the cause of action accrued in that county, and that the
convenience of witnesses would be promoted by the change.
The motion was supported by the affidavit of the defendant,
setting forth that he resided in Aspen, Pitkin county, and

was a practicing physician engaged in his profession at that place; that he was a man of family, and that his family consisted of a wife and three small children; that his wife was a necessary and important witness in the determination of his defense in the action, and by reason of the fact of his family, and the condition thereof, it would be inconvenient and practically impossible for him to bring his wife into the court in which the cause was pending for the purpose of the trial; that, being engaged in the practice of his profession in Pitkin county, and, being employed by several of the large mines of that county as their physician, it would be inconvenient for him to come to the city of Denver to defend the action, and that he had stated the facts constituting his defense to C. R. Bell, his attorney, who, upon the statement, had advised him that he had a meritorious defense to the action. The motion was denied.

The showing was clearly insufficient to warrant the court in changing the place of trial. We have no law requiring a case like this to be tried in the county where the cause of action arose. The only ground of the motion, which can be said to be within any statutory provision upon the subject, is that relating to the convenience of witnesses. Section 29 of the code provides that the court may, on good cause shown, change the place of trial when the convenience of witnesses and the ends of justice will be promoted by the change. There is nothing in the affidavit from which the court could determine whether the ends of justice would be, in the least, promoted by the change. The facts to which the witness, whose convenience it was desired to subserve, would testify, should have been set forth; and, as no answer had been filed, and, therefore, no defense disclosed, the affidavit should also have stated the facts constituting the defense. Without such showing it was impossible for the court to determine whether there was a defense, or, whether, if there was, the testimony of the witness was important or material. The statement that the defendant submitted the facts to his counsel and was advised by him that he had a good defense, amounts to

nothing. We doubt whether it is allowable to interpose a motion like this before answer filed. We do not decide this question, but, certainly, if such practice may be tolerated, the affidavit supporting the motion should set out the defense with the same fullness which is required in an answer. Without information as to the defense, or as to any fact to which the witness would testify, the court could not well do otherwise than deny the motion.

After the overruling of the motion the defendant answered, denying the allegations of the complaint, and also pleading the statute of limitations. The replication, among other things, averred a new promise by the defendant, made within six years prior to the commencement of the action, to pay the debt. The cause then went to trial, and, upon the evidence adduced, the court gave judgment in favor of the plaintiff for the amount of his claim. None of the evidence is preserved. The new promise pleaded by the plaintiff was sufficient to remove the bar of the statute, and we must presume that the judgment was warranted by the proofs.

The defendant appealed from the county to the district court. The appeal was not taken on the same day that the judgment was rendered, no notice of the appeal was ever given to the plaintiff or his attorney as the statute requires, and the district court very properly affirmed the judgment.

If there was any error in the proceedings the record does not disclose it, and the judgment must be affirmed.

*Affirmed.*